United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CONNSERO,
Plaintiff,
v.
P. BARRERA-NEGRETE, et al.,
Defendants.

Case No. 24-cv-09276-RS (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff alleges in this 42 U.S.C. § 1983 action that prison guards used excessive force on him in violation of his First and Eighth Amendment rights. Defendants have filed a motion for summary judgment, but plaintiff has not filed an opposition or any response to the motion.

Defendants' motion for summary judgment is GRANTED. Video evidence of the incident shows undisputedly that defendants used force in a good-faith effort to maintain or restore discipline, and not maliciously or sadistically to cause harm. Plaintiff's body language, tone, and statements indicated agitation, perhaps some aggression, and a definite resistance to staff's orders and instructions. He approached staff in an agitated mood demanding to be placed in his cell, ignored orders to calm down and back up, and said that "if I'm going to do something, ain't nobody going to be able to stop me." After he grabbed his cane, he moved toward a guard, and jerked his arm away. He was then

United States District Court
Northern District of California

restrained. The undisputed evidence shows that the guards acted quickly to prevent what they perceived as an escalating situation. Also, the video contradicts plaintiff's assertion that the guards used force on him after he threatened to file a grievance. Furthermore, defendants are entitled to qualified immunity. Even assuming plaintiff had shown that defendants violated his constitutional rights, he has not shown that a reasonable officer would view defendants' actions as unlawful under the circumstances.

**BACKGROUD**

Plaintiff alleges that on August 17, 2024 at Salinas Valley State Prison, correctional officers P. Barrera Negrete, C. Mares, C. Amezquita, J. Santana, V. Reyes, and Y. Delgado conducted a search of his cell. (Compl., Dkt. No. 1 at 6, 8.) He alleges that after he said he would file a grievance against the officers, Barrera Negrete said, "Write us up. Fuck this piece of shit. Fuck him up." (*Id.* at 8.) According to the allegations, Mares then punched plaintiff in the head and body and the other officers failed to intervene. (*Id.*) He was then roughly handcuffed in restraints that were excessively tight. (*Id.*) He alleges that the guards used excessive force in violation of the Eighth Amendment and retaliated against him because he said he would file a grievance, thereby violating the First Amendment.

Defendants offer a different version of events. They aver that on August 17, 2024 they were searching cells within Salinas Valley's Facility D, which included plaintiff's cell. (MSJ, Dkt. No. 14 at 8.) After the search, plaintiff spoke to correctional staff. (*Id.*) He was agitated and speaking aggressively, demanding to be put back in his cell. (*Id.*) He ignored Sergeant Negrete's order to "back up," and said, "Listen, if I'm going to do something, ain't nobody going to be able to stop me." (*Id.* at 8-9.) When Officer Amezquita moved a plastic bag that belonged to plaintiff and had his cane on top of it, plaintiff said, "That's mine" and grabbed his cane. (*Id.*) He then turned the cane upside down and moved toward Amezquita. (*Id.*) Staff told plaintiff to "relax" and "calm down" and told him they would return him to his cell. (*Id.*) He jerked his left arm and pulled

away from the prison guards. (*Id.*) The officers forced him to the ground and ordered him to stop resisting. (*Id.*) Once he was handcuffed, he stopped resisting and the officers ceased to use force. (*Id.*) Defendants assert that at no point did any of them say "Write us up. Fuck this piece of shit. Fuck him up." (*Id.*)

Video of the incident supports defendants' version of events and contradicts plaintiff's. (MSJ, Dkt. No. 14, Defendants' Notice of Lodging of Video Footage.) Four points are worth mentioning here. First, at no time does anyone say "Write us up. Fuck this piece of shit. Fuck him up." Second, at no time does anyone punch plaintiff. Third, the beginning of the video shows correctional staff standing outside the cells, while plaintiff is sitting at a nearby table. There is no interaction between plaintiff and the guards until plaintiff rises from the table and approaches staff. Fourth, plaintiff filed no response to the defendants' summary judgment motion and therefore he has not disputed the accuracy and validity of recording.

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an

United States District Court
Northern District of California

absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

## DISCUSSION

### I. Excessive Force Claim

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Jeffers v. Gomez*, 267 F.3d 895, 912-13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7.

Defendants have presented undisputed video evidence of the events, which supports their version and contradicts plaintiff's. When "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Significantly, plaintiff has not challenged the validity of the recording or offered any arguments or evidence to dispute it. *See id.* at 378 ("There are no allegations or indications that this videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened. The videotape quite clearly contradicts the version of the story told by respondent and adopted by the Court of Appeals.") An evaluation of the *Hudson* factors in light of the video evidence shows that defendants used force in a good faith effort to maintain or restore discipline and did not use it maliciously and sadistically to cause harm.

There was a need for the application of force. Plaintiff's body language, tone, and statements indicated agitation, perhaps some aggression, and a definite resistance to staff's orders and instructions. He approached staff in an agitated mood demanding to be placed in his cell, ignored Negrete's order to "back up," and said, "Listen, if I'm going to do something, ain't nobody going to be able to stop me." After he grabbed his cane, he moved toward Amezquita. After staff told him to calm down and that they would return him to his cell, he jerked his left arm and pulled away from guards. He was then restrained. The guards acted quickly to prevent what they perceived as an escalating situation. "[P]rison officials are authorized and indeed required to take appropriate measures to maintain prison order and discipline and protect staff and other prisoners." *Maas*, 12 F.3d 1444, 1458 (9th Cir. 1993). This factor favors defendants.

The amount of force used was appropriate to the need for force. The video shows the guards efficiently restrained plaintiff and placed him on the ground with minimal force. This factor weighs in favor of defendants.

The defendants reasonably perceived a threat. Plaintiff was agitated, stated that no one could stop him if he wanted to do something, ignored the guards' instructions and orders, and possibly appeared threatening when he grabbed his cane. This factor weighs in favor of defendants.

Efforts were made to temper the severity of the response. Staff repeatedly told plaintiff to calm down, back up, and relax and that they would accede to his wish to be returned to his cell. This factor weighs in favor of defendants.

Plaintiff alleged in his staff grievance that he suffered "serious bodily injury" to his ribs and legs. (Compl., Grievance, Dkt. No. 1 at 15-16.) A medical note, dated the same day as the events at issue here, states that plaintiff complained of rib pain and said that he had been hit by staff. (*Id.*, Medical Note, Dkt. No. 1 at 21.) He was noted as being alert and oriented, with unlabored breathing. (*Id.*) A doctor examined him, ordered an x-ray, and prescribed Tylenol and Naproxen. (*Id.*) He was sent back to housing "with no signs of any distress." (*Id.*) The video records him saying that the cuffs were too tight. "The extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation, 'or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur.' " *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321). Though there was some injury, it is difficult to assess its extent apart from plaintiff's assertion. This factor likely weighs against defendants.

In sum, nearly all of the *Hudson* factors support defendants. The video evidence shows that force was applied in a good-faith effort to restore and maintain discipline. No reasonable jury would believe plaintiff's assertion that force was applied maliciously and sadistically to cause harm. *Harris*, 550 U.S. at 380.

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed

United States District Court
Northern District of California

United States District Court
Northern District of California

motion may be granted only after court determines that there are no material issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc*., 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers and exhibits in support of the motion for summary judgment are evidence that the defendants used force in a good-faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm. Accordingly, defendants' motion for summary judgment is GRANTED as to the excessive force claim.

**II. First Amendment Claim**

Plaintiff claims the guards used force after he said he would file a grievance against them. The video recording flatly contradicts this. Plaintiff never mentioned filing a grievance and no one said "Write us up. Fuck this piece of shit. Fuck him up." Because plaintiff's version is entirely contradicted by the video evidence, his claim fails. *Harris*, 550 U.S. at 380. In sum, there is no support that a state actor took adverse action against plaintiff because of his protected conduct, that such action chilled plaintiff's exercise of his First Amendment rights, and that the action did not reasonably advance a legitimate correction goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). Furthermore, the motion is unopposed. The papers in support of the motion are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Defendants' motion for summary judgment is GRANTED as to the First Amendment claim.

United States District Court
Northern District of California

**III. Qualified Immunity**

Defendants also assert that summary judgment should be granted because they are entitled to qualified immunity against plaintiff's claims. (MSJ, Dkt. No. 14 at 17.) Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Under *Saucier v. Katz*, 533 U.S. 194, 194 (2001), the Court must undertake a two-step analysis to determine whether a defendant is entitled to qualified immunity in a motion for summary judgment. First, the Court must answer the threshold question of whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show [that] the officer's conduct violated a constitutional right?" *Id.* at 201. If the Court determines that the conduct did not violate a constitutional right, the inquiry is over and the officer is entitled to qualified immunity. *Id.* If, however, the Court determines that the conduct violated a constitutional right, it must undertake the second step of the analysis and determine "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201-02. Although the *Saucier* sequence is often appropriate and beneficial, it is not mandatory. A court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *See Pearson v. Callahan*, 555 U.S. 223, 235-36 (2009).

Defendants are entitled to qualified immunity. As previously discussed, plaintiff has not shown evidence that defendants' conduct "violated a constitutional right" and, accordingly, defendants are entitled to qualified immunity. *Saucier*, 533 U.S. at 201. Even assuming plaintiff had shown that defendants violated his constitutional rights, he has not shown that a reasonable officer would view defendants' actions as unlawful under the circumstances. *See id.* at 201-02.

United States District Court
Northern District of California

## CONCLUSION

Defendants' motion for summary judgment is GRANTED as to all claims. (Dkt. No. 14.) The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** August 13, 2026

RICHARD SEEBORG
United States District Judge